THE RIKE KUMLER CO. *v.* UNITED STATES

No. 7644.—Invoices dated Hucknall, England, September 25, 1945, etc.
Certified September 27, 1945, etc.
Entered at Dayton, Ohio, December 12, 1945, etc.
Entry Nos. 52; 55.

(Decided January 7, 1949)

*Estabrook, Finn & McKee* (*Chester E. Finn* of counsel) for the plaintiff.

*David N. Edelstein*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

CLINE, Judge: These are appeals for reappraisement of wool scarves imported from England.

At the trial counsel for the parties stated:

MR. FINN: If the court please, for the record, we would like to stipulate and agree, subject to the approval of the court, that the issues in the appeals for reappraisement in this matter are the same in all material respects as the issue decided in United States vs. William S. Pitcairn Corporation, Suit Number 4513, C. A. D. 334, and that the record in said case may be incorporated herein.

It is further stipulated and agreed that the appraised values of the merchandise involved in each of the cases herein, less the additions made by the importer on entry because of advances by the Appraiser in similar cases, is equal to the price at the time of exportation of such merchandise to the United States at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities, in the ordinary course of trade, for exportation to the United States; and that the foreign value of such or similar merchandise is no higher.

It is further stipulated and agreed that these cases may be submitted on the foregoing stipulation.

MR. AUSTER: The office of the Assistant Attorney General has examined the papers, has consulted with Mr. Dallas W. Bowyer, the Customs Appraiser at the Port of Dayton, Ohio, and is informed that this stipulation just read into the record meets the facts of the case; and under the circumstances the Assistant Attorney General agrees to the stipulation as so read.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.